%JS 44 (Rev. 12/07)

**CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Trader Joe's Company

**(b)** County of Residence of First Listed Plaintiff   **Los Angeles County**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Daniel E. Rhynhart, Esq., Mackenzie W. Smith, Esq., Blank Rome LLP, One Logan Square, Philadelphia, PA 19103 (215) 569-5371

**DEFENDANTS**

TJ's Delivery Service, Traffic Jams Delivery Service, Little Blue Commerce, LLC, and Does 1-10

County of Residence of First Listed Defendant   **Chester County**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)   and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

**V. ORIGIN** (Place an "X" in One Box Only)

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Lanham Act, 15 U.S.C. 1114(1), 1125(a), and 1125(c)

Brief description of cause:
Trademark infringement and other causes of action arising from Defendants' infringement of Plaintiff's intellectual property rights

**VII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $
Preliminary Injunction

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY**   (See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE   08/09/2011

SIGNATURE OF ATTORNEY OF RECORD   *Mackenzie W. Smith*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| TRADER JOE'S COMPANY,<br>Plaintiff,<br>v.<br>TJ'S DELIVERY SERVICE, TRAFFIC JAMS DELIVERY<br>SERVICE, LITTLE BLUE COMMERCE, LLC , and DOES 1-10,<br>Defendants. | : <br> : <br> : <br> : <br> : <br> : | CIVIL ACTION<br><br>NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   ☑

| | | |
|---|---|---|
| August 9, 2011 | Daniel E. Rhynhart | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-569-5371 | 215-832-5371 | Rhynhart@BlankRome.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 800 South Shamrock Avenue, Monrovia, CA 91016

Address of Defendant: 3 Revere Road, Berwyn, PA 19312 and P.O. Box 596, Berwyn, PA 19312

Place of Accident, Incident or Transaction: _____

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))      Yes ☑  No ☐

Does this case involve multidistrict litigation possibilities?      Yes ☐  No ☑

*RELATED CASE, IF ANY:*

Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?

    Yes ☐  No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?

    Yes ☐  No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?

    Yes ☐  No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?

    Yes ☐  No ☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
    (Please specify) **Lanham Act (Trademark)**

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

## ARBITRATION CERTIFICATION

*(Check Appropriate Category)*

I, Mackenzie W. Smith , counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 08/09/2011        *Mackenzie W. Smith*        306685

Attorney-at-Law        Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 08/09/2011        *Mackenzie W. Smith*        306685

Attorney-at-Law        Attorney I.D.#

CIV. 609 (6/08)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TRADER JOE'S COMPANY, | Civil Action No. |
| Plaintiff, | |
| v. | |
| TJ'S DELIVERY SERVICE, TRAFFIC JAMS DELIVERY SERVICE, LITTLE BLUE COMMERCE, LLC, and DOES 1-10, | |
| Defendants. | |

**RULE 7.1 DISCLOSURE STATEMENT OF**
**PLAINTIFF TRADER JOE'S COMPANY**

Plaintiff Trader Joe's Company ("Trader Joe's"), by and through its undersigned counsel, hereby makes the following disclosure pursuant to Rule 7.1 of the Federal Rules of Civil Procedure:  Trader Joe's is a wholly-owned subsidiary of T.A.C.T. Holding, Inc., which is a wholly-owned subsidiary of a privately held German corporation.  No publicly held corporation owns ten percent or more of Trader Joe's stock.

Respectfully submitted,

**BLANK ROME LLP**

Dated:  August 9, 2011                    By: _Mackenzie W. Smith_
                                              Daniel E. Rhynhart
                                              Mackenzie W. Smith
                                              One Logan Square
                                              Philadelphia, PA 19103
                                              Telephone:  215-569-5371
                                              Facsimile:  215-832-5371
                                              Email:  Rhynhart@blankrome.com

1

*Attorneys for Plaintiff,*
*Trader Joe's Company*

**OF COUNSEL:**

Brian M. Berliner, Esq.
Jordan Raphael, Esq.
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA  90071
Telephone:  213-430-7424
Facsimile:  213-430-6407
Email:  bberliner@omm.com

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| TRADER JOE'S COMPANY, | Civil Action No. |
| Plaintiff, | |
| v. | |
| TJ'S DELIVERY SERVICE,  TRAFFIC JAMS DELIVERY SERVICE, LITTLE BLUE COMMERCE, LLC, and DOES 1-10, | |
| Defendants. | |

**RULE 7.1 DISCLOSURE STATEMENT OF
PLAINTIFF TRADER JOE'S COMPANY**

Plaintiff Trader Joe's Company ("Trader Joe's"), by and through its undersigned

counsel, hereby makes the following disclosure pursuant to Rule 7.1 of the Federal Rules of

Civil Procedure:  Trader Joe's is a wholly-owned subsidiary of T.A.C.T. Holding, Inc., which

is a wholly-owned subsidiary of a privately held German corporation.  No publicly held

corporation owns ten percent or more of Trader Joe's stock.

Respectfully submitted,

**BLANK ROME LLP**

Dated:  August 9, 2011

By: *Mackenzie W. Smith*
Daniel E. Rhynhart
Mackenzie W. Smith
One Logan Square
Philadelphia, PA 19103
Telephone:  215-569-5371
Facsimile:  215-832-5371
Email:  Rhynhart@blankrome.com

1

*Attorneys for Plaintiff,*
*Trader Joe's Company*

**OF COUNSEL:**

Brian M. Berliner, Esq.
Jordan Raphael, Esq.
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA  90071
Telephone:  213-430-7424
Facsimile:  213-430-6407
Email:  bberliner@omm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of August, 2011, I caused a true and correct copy of the foregoing Initial Disclosure Statement of Trader Joe's Company pursuant to Federal Rule of Civil Procedure 7.1 to be served, via hand delivery today, or otherwise as soon as practicable upon the following Defendants, as follows:

TJ's Delivery Service
3 Revere Road
Berwyn, PA  19312

Traffic Jams Delivery Service
3 Revere Road
Berwyn, PA  19312

Little Blue Commerce, LLC
3 Revere Road
Berwyn, PA  19312

137308.00601/22050392v.1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRADER JOE'S COMPANY, | Civil Action No. |
| Plaintiff, | |
| v. | |
| TJ'S DELIVERY SERVICE,  TRAFFIC JAMS DELIVERY SERVICE, LITTLE BLUE COMMERCE, LLC, and DOES 1-10, | **JURY TRIAL DEMANDED** |
| Defendants. | |

## COMPLAINT

Plaintiff Trader Joe's Company ("Trader Joe's"), by its undersigned counsel, for its

Complaint against Defendants TJ's Delivery Service, Traffic Jams Delivery Service, and

Little Blue Commerce, LLC ("Defendants"), hereby alleges, on knowledge as to its own

conduct and otherwise on information and belief as follows:

## THE PARTIES

1.      Trader Joe's Company is a California corporation with its principal place of business

at 800 South Shamrock Avenue, Monrovia, California 91016.  Trader Joe's is engaged in the

1

business of selling high-quality groceries at low prices, including the sale of hundreds of its own products under the Trader Joe's brand.  Trader Joe's owns numerous federally registered and common-law trademarks associated with its retail grocery chain and its products.

2.      Upon information and belief, defendant TJ's Delivery Service is a company based in Berwyn, Pennsylvania with a mailing address at P.O. Box 596, Berwyn, Pennsylvania 19312.

3.      Upon information and belief, defendant Traffic Jams Delivery Service is a company based in Berwyn, Pennsylvania with a mailing address at P.O. Box 596, Berwyn, Pennsylvania 19312.

4.      Upon information and belief, defendant Little Blue Commerce, LLC is a limited liability company with a principal place of business at 3 Revere Road, Berwyn, Pennsylvania 19312.

5.      Trader Joe's is ignorant of the true names and capacities of the defendants used herein under the fictitious names DOES 1 through 10 inclusive.  Trader Joe's will seek leave of court to amend this complaint to allege such names and capacities when they are ascertained. Trader Joe's is informed and believes, and based thereon alleges, that each of the fictitiously named DOE defendants is responsible in some manner for the wrongful conduct alleged herein.  Trader Joe's further alleges that each defendant acted in concert with, as agent or representative for, or at the request or on the behalf of the defendants identified in paragraphs 2-4 above.  Each charging allegation contained herein is, therefore, also hereby alleged against each fictitiously named DOE defendant.

## JURISDICTION AND VENUE

6.      This action asserts claims arising under the Lanham Act, 15 U.S.C. §§ 1114(1), 1125(a) and 1125(c).  This Court has federal question jurisdiction over these claims pursuant

137308.00601/22050365v.1

to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1338(a) and 1338(b).  This Court also has

subject matter jurisdiction over Trader Joe's state law claims pursuant to the principles of

pendant jurisdiction under 28 U.S.C. § 1367(a).

7.      This Court has personal jurisdiction over Defendants because the Defendants, *inter*

*alia*, transact business in the Commonwealth of Pennsylvania, engage in a persistent course of

conduct in the Commonwealth of Pennsylvania, expect, or reasonably should expect, their

acts to have legal consequences in the Commonwealth of Pennsylvania, and because

Defendants' acts have caused harm to Trader Joe's in the Commonwealth of Pennsylvania.

8.      Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391

because a substantial part of the events giving rise to the claims asserted in this action

occurred in the Eastern District of Pennsylvania, Defendants expect, or reasonably should

expect, their acts to have legal consequences in the District, and because Defendants' acts

have caused harm to Trader Joe's in the Eastern District of Pennsylvania.

### FACTUAL BACKGROUND

### The Trader Joe's Story

9.      Although Trader Joe's is one of the most popular grocery retailers in the United States

today, it did not begin that way.  Joe Coloumbe opened a chain of convenience stores in the

Los Angeles area in 1958 called "Pronto Markets."

10.     In 1967, Coloumbe changed the name and business design of the company.  This was

the first time the company used the name "Trader Joe's," and the stores became full grocery

stores rather than convenience stores.  Furthermore, it was at this time that Trader Joe's began

using its famous "South Pacific" decorating theme.

3

11.     Also in 1967, Trader Joe's began its search for the perfect products to sell.  As a result

of these efforts, the name "Trader Joe's" is synonymous today with high-quality, affordable

groceries.

12.     Today, there are more than 350 Trader Joe's grocery stores in 30 states and the

District of Columbia.  The widespread success of Trader Joe's is due in large part to its

carefully cultivated reputation and its attention to the details of each product it sells.

### Trader Joe's Company's Intellectual Property Rights

13.     Trader Joe's has advertised for more than forty years over the radio, through its

extensive monthly mailing list, and by word of mouth.

14.     Trader Joe's also operates a website at the address www.traderjoes.com, featuring its

distinctive red lettering and Hawaiian theme.  The Trader Joe's website receives 700,000

visitors monthly, which is a large number for a grocery store.

15.     As a result of the great success of Trader Joe's and the vast advertising and

promotional efforts and expenditures undertaken by Trader Joe's, the TRADER JOE'S

trademarks have come to symbolize extraordinary goodwill and have achieved great fame

throughout the United States.

16.     The United States Patent and Trademark Office ("USPTO") has granted Trader Joe's

Trademark Registration No. 2,171,157 for the trademark TRADER JOE'S for "retail store

services in the field of specialty foods and beverages" in International Class 42.  This

registration is valid, subsisting and incontestable pursuant to 15 U.S.C. § 1065.

17.     The fame and popularity of Trader Joe's and the TRADER JOE'S trademarks have

generated very strong consumer demand for Trader Joe's-branded products and services.

Trader Joe's has obtained a number of United States trademark registrations for the TRADER

4

JOE'S trademarks used in connection with these Trader Joe's-branded goods and services,

including, but not limited to Registration No. 2,160,601 in International Class 29 (meats and

processed foods); Registration No. 1,424,176 in International Class 30 (staple foods); and

Registration No. 2,158,990 in International Class 32 (light beverages). Each of these

registrations are valid, subsisting and incontestable pursuant to 15 U.S.C. § 1065.

### DEFENDANTS' INFRINGEMENT OF
### TRADER JOE'S INTELLECTUAL PROPERTY RIGHTS

18.     Defendants own and operate a website at the address www.tjsdeliveryservice.com (the

"Infringing Website"), which promotes itself as "the newest way to get Trader Joe's®

products delivered to your door." Without Trader Joe's authorization or permission,

Defendants' website offers for resale and delivery hundreds of Trader Joe's products that,

upon information and belief, Defendants purchase directly from Trader Joe's stores.

19.     From top to bottom, the Infringing Website incorporates Trader Joe's trademarks, the

abbreviation "TJ's" (a common nickname for "Trader Joe's"), retail product images, and

design elements (*e.g.*, beige background, red typeface) that are owned by and/or publicly

associated with Trader Joe's in a clear attempt to convey the false impression that the site is

affiliated with or endorsed by Trader Joe's. The extent to which Defendants are seeking to

trade off Trader Joe's reputation and goodwill is readily demonstrated by the following

screenshots of Trader Joe's and Defendants' respective websites:

5



**www.traderjoes.com front page**



**www.tjsdeliveryservice.com front page**

20.     In addition to their unpermitted and deceptive use of Trader Joe's trademarks and

other source-identifying elements, Defendants' unauthorized reselling and shipping of Trader

Joe's products are conducted outside the scope of Trader Joe's stringent quality-control

standards and established product recall practices.  Thus, Defendants' infringing activities

create a material risk that consumers who buy Trader Joe's products from Defendants'

website could receive defective or even potentially hazardous goods.  This risk of harm is

exacerbated by the fact that Defendants have announced that they will soon begin shipping

frozen and fresh Trader Joe's products.  By creating this risk, Defendants' activities also

threaten the reputation and goodwill that Trader Joe's has carefully cultivated over the last 40

years.

## COUNT ONE – FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1114(1))

21.     Trader Joe's repeats and realleges each and every allegation contained in paragraphs 1

through 20, inclusive, and incorporates them herein by reference.

22.     Defendants' unauthorized and willful use of copies, variations, reproductions,

simulations or colorable imitations of Trader Joe's federally-registered trademarks in

connection with the presentation, content, and operation of the Infringing Website constitutes

use in commerce.  Such use infringes Trader Joe's exclusive rights in its federally-registered

trademarks, explicitly misleads as to the source or sponsorship of the Infringing Website, and

has caused and is likely to cause confusion, mistake or deception as to the source of the

Infringing Website created, designed, and operated solely by Defendants.

23.     The aforesaid acts of Defendants, namely, the unauthorized and willful use of copies,

variations, reproductions, simulations or colorable imitations of Trader Joe's registered marks

in connection with the presentation, content, and operation of the Infringing Website,

7

constitute trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

24.     The aforesaid acts of Defendants have caused and, unless said acts are restrained by this Court, will continue to cause Trader Joe's to suffer irreparable injury.

25.     Trader Joe's has no adequate remedy at law and is therefore entitled to preliminary and permanent injunctive relief.

## COUNT TWO – UNFAIR COMPETITION, FALSE ENDORSEMENT AND FALSE DESIGNATION OF ORIGIN
### (15 U.S.C. § 1125(a)(1)(A))

26.     Trader Joe's repeats and realleges each and every allegation contained in paragraphs 1 through 25, inclusive, and incorporates them herein by reference.

27.     Through the use of Trader Joe's trademarks, the abbreviation "TJ's," retail product images, and design elements that are owned by and/or publicly associated with Trader Joe's, Defendants are knowingly and intentionally misrepresenting and falsely designating to the general public the affiliation, connection, association, origin, source, sponsorship, endorsement and approval of the Infringing Website, and intend to misrepresent and falsely designate to the general public the affiliation, connection, association, origin, source, approval, endorsement or sponsorship of the Infringing Website, so as to create a likelihood of confusion by the public as to the affiliation, connection, association, origin, source, approval, endorsement and sponsorship of the Infringing Website.

28.     The aforesaid acts of Defendants constitute false endorsement, false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a)(1)(A).

29.     As a direct and proximate result of the foregoing acts of Defendants, Trader Joe's has been damaged and has suffered and will continue to suffer immediate and irreparable injury.

8

30.     Trader Joe's has no adequate remedy at law and is therefore entitled to preliminary and permanent injunctive relief.

**COUNT THREE – FALSE ADVERTISING**
**(15 U.S.C. § 1125(a)(1)(B))**

31.     Trader Joe's repeats and realleges each and every allegation contained in paragraphs 1 through 30, inclusive, and incorporates them herein by reference.

32.     Through the use of Trader Joe's trademarks, the abbreviation "TJ's," retail product images, and design elements that are owned by and/or publicly associated with Trader Joe's, Defendants are knowingly and intentionally misrepresenting the nature, characteristics, and qualities of the Infringing Website, and intend to misrepresent the nature, characteristics, and qualities of the Infringing Website, so as to create a likelihood of confusion by the public as to the nature, characteristics, and qualities of the Infringing Website.

33.     The aforesaid acts of Defendants constitute false advertising in violation of 15 U.S.C. § 1125(a)(1)(B).

34.     As a direct and proximate result of the foregoing acts of Defendants, Trader Joe's has been damaged and has suffered and will continue to suffer immediate and irreparable injury.

35.     Trader Joe's has no adequate remedy at law and is therefore entitled to preliminary and permanent injunctive relief.

**COUNT FOUR – FEDERAL TRADEMARK DILUTION**
**(15 U.S.C. § 1125(C))**

36.     Trader Joe's repeats and realleges each and every allegation contained in paragraphs 1 through 35 as if fully set forth herein.

37.     Defendants' use of copies, variations, reproductions, simulations or colorable imitations of the TRADER JOE'S trademarks in connection with the Infringing Website will

9

lessen the capacity of Trader Joe's famous and distinctive trademarks to distinguish Trader Joe's products and services from those of others, and has and will dilute and tarnish the distinctive quality of Trader Joe's famous and distinctive TRADER JOE'S trademarks.

38.     The aforesaid acts of Defendants constitute dilution by blurring by whittling away the distinctiveness of Trader Joe's famous marks and dilution by tarnishment in violation or Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

39.     As a direct and proximate result of the foregoing acts of Defendants, Trader Joe's has been damaged and has suffered and will continue to suffer immediate and irreparable injury.

40.     Trader Joe's has no adequate remedy at law and is therefore entitled to preliminary and permanent injunctive relief.

### COUNT FIVE — INJURY TO BUSINESS OR REPUTATION; DILUTION
### (54 PA. CONS. STAT. ANNOT. § 1124)

41.     Trader Joe's repeats and realleges each and every allegation contained in paragraphs 1 through 40 as if fully set forth herein.

42.     The TRADER JOE'S trademarks are individually and collectively famous in the Commonwealth of Pennsylvania.

43.     The TRADER JOE'S trademarks were famous in the Commonwealth of Pennsylvania prior to Defendants' past, present and threatened use of the TRADER JOE'S trademarks in connection with the Infringing Website, which use injures and will injure the business reputation that Trader Joe's enjoys in the Commonwealth, and impairs, diminishes, and trades on the TRADER JOE'S trademarks, which identify Trader Joe's goods and services.

10

44.     Defendants' conduct injures and dilutes, or is intended to injure and dilute, Trader Joe's reputation and the distinctive quality of the TRADER JOE'S trademarks, in violation of 54 Pa. Cons. Stat. Annot. § 1124.

45.     As a direct and proximate result of the foregoing acts of Defendants, Trader Joe's has been damaged and has suffered and will continue to suffer immediate and irreparable injury.

46.     Trader Joe's has no adequate remedy at law and is therefore entitled to preliminary and permanent injunctive relief.

### COUNT SIX — PENNSYLVANIA COMMON LAW UNFAIR COMPETITION

47.     Trader Joe's repeats and realleges each and every allegation contained in paragraphs 1 through 46 as if fully set forth herein.

48.     Defendants' above-described acts constitute unfair competition under the common law of the Commonwealth of Pennsylvania.

49.     Defendants' use of the TRADER JOE'S trademarks and colorable imitations thereof are likely to cause confusion, mistake or deception among consumers as to the source, sponsorship, or affiliation of the Infringing Website, in violation of the common law of the Commonwealth of Pennsylvania.

50.     As a direct and proximate result of the foregoing acts of Defendants, Trader Joe's has been damaged and has suffered and will continue to suffer immediate and irreparable injury.

51.     Trader Joe's has no adequate remedy at law and is therefore entitled to preliminary and permanent injunctive relief.

### RELIEF SOUGHT

WHEREFORE, Plaintiff Trader Joe's prays that:

137308.00601/22050365v.1

A.     Judgment be entered in favor of Trader Joe's and against Defendants as to each of the above Counts;

B.     Defendants pays damages incurred by Trader Joe's as a result of the trademark infringement, false designation of origin, false endorsement, false advertising, unfair competition, injury to business reputation and dilution perpetrated by Defendants, including, in the case of Defendants' violation of 15 U.S.C. § 1125(a), treble damages or treble profits, whichever is greater, and attorney's fees;

C.     An accounting be ordered to determine the profits realized by Defendants due to the unauthorized use of the TRADER JOE'S trademarks and Defendants' other infringing activities in the operation of the Infringing Website;

D.     The Court issue a preliminary injunction restraining, enjoining and prohibiting Defendants and any of their officers, directors, agents, servants, employees, representatives, successors, assigns, attorneys, licensees, distributors and all persons in active concert or participation with Defendants from directly or indirectly:

      i.     using the TRADER JOE'S trademarks or any confusingly similar designations, alone or in combination with other words, as a trademark, service mark or trade name, to identify, market, distribute, advertise, promote, to offer for sale or to provide the Infringing Website or any related goods or services;

      ii.     otherwise infringing the TRADER JOE'S trademarks;

      iii.     engaging in the unauthorized offering for resale and delivery of Trader Joe's products; and

iv.   continuing acts of false designation of origin or unfair trade practices herein complained of, or doing any acts that may cause consumers to falsely believe that Defendants' goods or services are affiliated with, associated with, authorized by, sponsored by, and/or endorsed by Trader Joe's.

E.   The Court issue a permanent injunction prohibiting Defendants from directly or indirectly infringing the TRADER JOE'S trademarks, and in any manner unfairly competing with Trader Joe's; and from inducing, or contributing to or participating in any such acts referred to in Part D of this prayer;

F.   Defendants be directed to file with this Court and to serve on Trader Joe's within ten (10) days after issuance of an injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

G.   Defendants be required to deliver up for destruction all goods, signs, packaging, literature, advertising and other materials bearing the TRADER JOE'S trademarks or any confusingly similar name or mark, or colorable imitation thereof, used in connection with the Infringing Website;

H.   Defendants be required to remove the TRADER JOE'S trademarks and any other elements likely to cause confusion with Trader Joe's from the Infringing Website, the Infringing Website's URL, HTML code, search engine query terms, search engine advertising keywords, and any other electronic communications hosts, links and devices;

I.   Defendants be ordered to pay costs of this action, including attorney's fees incurred by Trader Joe's in connection with Defendants' infringement; and

J.   Such other and further relief as this Court deems just and proper.

13

Respectfully submitted,

**BLANK ROME LLP**

Dated:  August 9, 2011

By: _____
Daniel E. Rhynhart
Mackenzie W. Smith
One Logan Square
Philadelphia, PA 19103
Telephone:  215-569-5371
Facsimile:  215-832-5371
Email:  Rhynhart@blankrome.com

*Attorneys for Plaintiff,*
*Trader Joe's Company*

**OF COUNSEL:**

Brian M. Berliner, Esq.
Jordan Raphael, Esq.
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA  90071
Telephone:  213-430-7424
Facsimile:  213-430-6407
Email:  bberliner@omm.com

14

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Trader Joe's Company

demands a trial by jury on all issues.

Respectfully submitted,

**BLANK ROME LLP**

Dated:  August 9, 2011

By: _____
Daniel E. Rhynhart
Mackenzie W. Smith
One Logan Square
Philadelphia, PA 19103
Telephone:  215-569-5371
Facsimile:  215-832-5371
Email:  Rhynhart@blankrome.com

*Attorneys for Plaintiff,*
*Trader Joe's Company*

**OF COUNSEL:**
Brian M. Berliner, Esq.
Jordan Raphael, Esq.
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA  90071
Telephone:  213-430-7424
Facsimile:  213-430-6407
Email:  bberliner@omm.com